## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**QUEYONOH KWEH**                                                          **PLAINTIFF**

v.                              **No. 3:22-cv-218-DPM**

**SOCIAL SECURITY**
**ADMINISTRATION, Agency**
**Kilolo Kijakazi, Acting Commissioner**
**of the Social Security Administration,**
**Agency**                                                                  **DEFENDANT**

### ORDER

    **1.**    It's initially unclear whether Kweh's motion, *Doc. 31*, is one to supplement her second amended complaint or one to file a third amended complaint.  But Kweh's briefing papers provide context.  She embedded a request for "leave to file a third amended complaint" in her response to the Social Security Administration's motion to dismiss. *Doc. 30 at 6.*  Her motion was filed the same day; it appears to be her proposed third amended complaint.  The Court construes *Doc. 31*, together with her response, as a request to amend her complaint.  That request is denied.

    Kweh seeks to add allegations that her supervisors were "covert racist[s]" and that she was "treated differently than all other similarly situated employees who were not members of [her] protected class." *Doc. 31 at 12, 14 & 15.*  But those allegations are conclusory.  *Hager v.*

*Arkansas Department of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013). Her proposed amendments would be futile. *Plymouth County v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014).

2.    In her second amended complaint, Kweh appears to re-allege old claims and assert new ones.  But she clarifies helpfully in her response that she only presses three claims:   (1) race-based harassment;  (2) race discrimination;  and (3) retaliation. *Doc. 30 at 3-4.* These claims are limited to the adverse actions she exhausted in the two EEOC charges attached to her second amended complaint. *Doc. 24 at 10-20;  Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 919-20 (8th Cir. 2018).  Kweh didn't exhaust her discriminatory non-promotion and termination claims.  And her 2017 harassment claims, which underlie her January 2018 EEOC complaint, are time barred. 42 U.S.C. § 2000e-16(c);  *Doc. 24 at 12*.  The Court accepts her factual allegations as true and draws all reasonable inferences in her favor. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

3.    **Race-Based Harassment.**  Kweh hasn't stated a claim for race-based harassment.  She alleges these incidents during the first few months of 2018.

- In late January, Kweh was placed on a two-week, 100 percent review of her work "based on concerns about [her] job performance" and her three-month FMLA leave from November 2017 to January 2018. *Doc. 24 at 8 & 12.*

- In late February, she was suspended for taking 152 iterations of personal identifying information off Social Security premises prior to her FMLA leave.* This suspension was upheld. *Doc. 24 at 9 & 14.*

- After her performance review, Alex Prado, a supervisor, and an unnamed technical reviewer, "sabotaged the 100 percent review, refused to grant time for union activities, refused to count all cases worked during the review, and threw many correctly worked cases out with no good cause." *Doc. 24 at 8.*

- In early March, she was placed on a thirty-day performance assistance plan after she failed to meet the "minimum requirement for all Claim Specialists" during her performance review. *Doc 24 at 8 & 13.*

- In late March, Andrew Barron, the supervisor who processed her FMLA leave, proposed a two-week suspension after he changed her FLMA leave from leave without pay to absent without leave. The proposed suspension was not upheld. *Doc 24 at 8 & 13.*

Precedent requires this Court to apply "demanding harassment standards to filter out complaints attacking the ordinary tribulations of the workplace . . .." *Blomker v. Jewell*, 831 F.3d 1051, 1057 (8th Cir. 2016)

---

*Kweh indicates that this suspension took place sometime after 4 December 2018. *Doc. 24 at 9.* But the attached EEOC documents say this suspension began in February 2018. *Doc. 24 at 14.* If the former date is accurate, Kweh hasn't exhausted this claim. But the Court gives her the benefit of the doubt for what is likely a scrivener's error on the date.

(emphasis removed and quotation omitted).   Accepting Kweh's pleaded facts as true, they don't show a sufficient causal relationship between the alleged harassment and her race.  Kweh acknowledges that her 100 percent performance review was "based on concerns about [her] job performance" and "extended leave." *Doc. 24 at 8*.  She says her February suspension was "based on taking 152 iterations of PII off SSA premises." *Doc. 24 at 9*.  She doesn't allege that Prado and the technical reviewer sabotaged her performance review out of racial animus.  She recognizes that she was placed on a performance assistance plan because her numbers were below the "minimum requirement for all Claim Specialists." *Doc. 24 at 8*.  And she says her March proposed suspension was based on a need "to provide additional FMLA documentation for the previous FMLA leave of absence." *Doc. 24 at 8*.

Even if the Court could discern a causal relationship, these incidents don't amount to "an objectively hostile or abusive work environment." *Warmington v. Board of Regents of University of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021).  They were isolated matters between January and March of 2018.  And they were neither physically threatening nor humiliating.  Considering all the circumstances, Kweh's alleged harassment wasn't sufficiently severe or pervasive to state a plausible race-based claim. *Warmington*, 998 F.3d at 799-800.

**4.    Race discrimination.**  Kweh also hasn't stated a claim for race discrimination.  Her placement on a performance assistance plan

isn't an adverse employment action. *Wilson v. Arkansas Department of Human Services*, 850 F.3d 368, 371 (8th Cir. 2017). Neither was the proposed suspension, which did not result in further disciplinary action. *Singletary v. Missouri Department of Corrections*, 423 F.3d 886, 891-92 (8th Cir. 2005). The parties agree her February suspension was an adverse employment action. *Doc. 28 at 16*. But her claim fails because she hasn't plausibly alleged that race discrimination was the reason for that suspension. *Warmington*, 998 F.3d at 798. For example, she doesn't identify any non-black claim specialists who received less discipline for conduct similar to removing more than 150 iterations of personal identifying information from Social Security premises. *Jones*, 915 F.3d at 500. The Court can't draw a reasonable inference of racial discrimination on these facts.

**5. Retaliation.** Last, Kweh hasn't stated a solid claim for retaliation. She says the Social Security Administration retaliated against her for filing an EEOC complaint in October 2017 when it suspended her in February 2018. *Doc. 24 at 11*. But Kweh acknowledges that she was suspended for taking 152 iterations of personal identifying information off Social Security premises. *Doc. 24 at 9*. The EEOC charges attached to her second amended complaint indicate that the documents "were not redacted," and that Kweh took them "without management's permission." *Doc. 24 at 14*. A separate Social Security Module Manager reviewed her supervisor's

proposed suspension before it was upheld. *Doc. 24 at 14*. Kweh was then issued a five-day suspension "based on her removal of PII documents from the workplace." *Doc. 24 at 14*. Kweh has not plausibly alleged that her protected activity—filing an EEOC complaint six months earlier—was a but-for cause of her February 2018 suspension. *Blomker*, 831 F.3d at 1059-60;  *compare Wilson*, 850 F.3d at 373-74.

*     *     *

Kweh's motion for leave to file a third amended complaint, *Doc. 31*, is denied.  The Social Security Administration's motion to dismiss, *Doc. 27*, is granted.  Judgment will issue.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

11 January 2024